■    In the Matter of the Claim of HONOR HANAFAN, Respondent, against P. CALLAHAN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by employer and insurance carrier from a decision and award for death benefits. Decedent and two fellow employees were engaged in transferring freight from one trailer to another, over a loading platform flush with the floors of the trailers. Packages weighing up to approximately 50 pounds would sometimes be picked up and carried by the workmen but there was no evidence that decedent did this, on the day of his death at least. Heavier items, weighing up to two or three hundred pounds were picked up by means of a hand truck, the blade of the truck being inserted under the object, and the truck then being tipped back and wheeled to another trailer and the load deposited there. A coemployee loaded such a hand truck and decedent was wheeling it away when he collapsed and died. On autopsy, the cause of death was reported as occlusive coronary arteriosclerosis. There was no evidence of a fresh thrombus or infarct. A physician, who had not attended decedent, said that decedent's work "definitely was a contributing factor" to his death. This testimony was elicited by a hypothetical question which included certain unwarranted assumptions but these were apparently unnecessary to the doctor's conclusion as he also testified that as a result of atherosclerosis of the walls of the coronary arteries, concededly of long standing, the lumin of one artery was pinpoint in size so that the slightest strain "might have caused an occlusion due to spasm", without time for a thrombus or an infarct to form. In effect, the doctor thus testified to a mere possibility, clearly insufficient to sustain the award. Appellants' physicians, Dr. Halpern and Dr. Clark, denied causal relationship. The board has noted, however, that, on cross-examination, Dr. Halpern said that, "if you take the sum total of the work that this man did on the last day he worked, I can't deny that that may have been a factor in making him die when he did". Further, Dr. Clark testified that, "If I were to assume that the work he did that night was much heavier than his usual work, I would not be categoric in excluding causal relationship". We find in none of the medical evidence a sufficient basis for the award. The testimony of claimant's expert that "the slightest strain" might have caused an occlusion due to spasm, would perhaps, if standing alone, require dismissal of the claim, as indicating that no exertion greater than "the ordinary wear and tear of life" was necessary to cause decedent's death. (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323.) However, the other medical proof above quoted seems to admit of the possibility of causal connection being found, should the facts as to the work be more clearly developed upon a new hearing and the erroneous assumptions upon which some of the medical testimony was based be eliminated. Decision and award reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted to the Workmen's Compensation Board. Foster, P.J., Coon, Halpern and Gibson, JJ., concur.